<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TREVON SMITH | No. 23cr482 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On September 26, 2024, Defendant Trevon Smith pled guilty to Counts Three and Five of the superseding indictment in this action,[1] which charged him with distribution of and possession with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). D.E. 118; D.E. 120 ("Plea Agreement"). On March 4, 2025, the Court sentenced Smith to a term of imprisonment of fifty-seven months. D.E. 134. Now, several months later, Smith asks the Court to amend his Plea Agreement so that he can be released to a halfway house or on home incarceration earlier than his anticipated release date. D.E. 135 ("Motion"). The Government filed two consecutive responses to Smith's Motion,[2] and Smith then responded twice to the Government's submissions.[3]

The Court has reviewed Smith's Motion and the related items on the docket, and for the reasons explained below, it will **DENY** Smith's Motion.

---

[1] D.E. 112 ("Superseding Indictment").

[2] D.Es. 138 ("Government First Response" or "Gov. First Response") & 140 ("Government Second Response" or "Gov. Second Response").

[3] D.Es. 142 ("Smith First Reply") & 143 ("Smith Second Reply").

## I.    BACKGROUND

Smith's Plea Agreement provides that in the event Smith pleads guilty to Counts Three and Five of the Superseding Indictment and is sentenced to a term of imprisonment of fifty-seven to seventy-one months, the Government would not initiate any further criminal charges against Smith for certain related conduct, including incidents that took place on February 14, 2022, February 24, 2022, March 16, 2022, and April 26, 2022.  Plea Agreement at 1-2.

While serving his sentence, Smith discovered that he has an outstanding "NCIC hit,"[4] which is preventing him from being released early.  Mot. at 1-2.  Although Smith does not provide the date of the Municipal Court Offense in his Motion, the Government has helpfully identified it as March 16, 2022.  Gov. First Response at 2.

In response to Smith's Motion, the Government obtained an up-to-date criminal history for Smith, which shows that the Municipal Court Offense remains "pending" in Newark Municipal Court.  *Id.* at 1.  The Government surmises this is "likely what the prison officials cited as the reason to deny Smith entry to a halfway house or to home confinement."  *Id.*  Because the conduct underlying the Municipal Court Offense is part of the Plea Agreement, "the Government agrees with Smith that the 'pending' designation in his criminal history is erroneous."  *Id.*  It noted, however, that amending the Plea Agreement is not the proper remedy.  *Id.*  Instead, the Municipal Court Offense needs to be dismissed, at which point, Smith's criminal history would be updated, and in turn, the NCIC hit would disappear.  *Id.* at 1-2.

After filing its first response, the Government confirmed with the Essex County Prosecutor's Office that the Municipal Court Offense was administratively dismissed on January

---

[4] Here, the National Crime Information Center ("NCIC") hit is for an outstanding charge against Smith in Newark Municipal Court related to heroin distribution (herein, the "Municipal Court Offense").

9, 2023. Gov. Second Response at 1. The Essex County Prosecutor's Office also informed the Government that it made a request to the New Jersey State Police to remove the "pending" designation from the open case on Smith's criminal history. *Id.* The Government stated that it "has no further ability to make this change, and [Smith] should now request the [Bureau of Prisons] to re-run his criminal history." *Id.*

In two responses, Smith focuses on the fact that the Municipal Court Offense is for heroin distribution, while Count Three of the Superseding Indictment involved cocaine and fentanyl. Smith First Reply at 1-2. He asserts this is an error and that the Plea Agreement should be modified to reflect the fact that the conduct related to heroin possession and distribution was included in the Agreement. To remedy the situation, he asks the Court and/or the Government to clarify that the heroin charges were dismissed by the Plea Agreement and/or take whatever other steps are necessary to correct the record. *Id.* at 2; Smith Second Reply at 1.

## II.   ANALYSIS

As a starting point, the Court notes that it may, at any time, "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. But here, there does not appear to be a clerical error in the Plea Agreement. The charges in the Plea Agreement correctly delineate to which counts Smith pled guilty, and which charges the Government then agreed not to prosecute. *See generally* Plea Agreement. In his Motion and subsequent filings, Smith does not identify an error in the Plea Agreement. Thus, the Court agrees with the Government that amending the Plea Agreement would not remedy Smith's issue.

The Court understands Smith's Motion to be a preliminary step toward removing the NCIC hit from his record—after all, Smith's ultimate goal is to be released early to a halfway house or

home confinement and the NCIC hit is standing in his way. *See* Mot. at 2. But as the Government noted in its second response, the Municipal Court Offense was administratively dismissed on January 9, 2023, and the Essex County Prosecutor's Office has put in a request to the New Jersey State Police to remove the "pending" designation from that case. Gov. Second Response at 1. At this point, it appears that steps are in process for Smith to receive the relief he seeks. Given the representations by the Government, Smith should: *first*, request the Bureau of Prisons re-run his criminal history, which should no longer list the Municipal Charge Offense as pending; and *second*, if the charge is still there, seek relief in Newark Municipal Court. The Municipal Court Offense is not before this Court, and neither the Court nor the Government can bring about the change Smith seeks. To be clear, this Court does not have jurisdiction to change or modify charges in state court absent truly extenuating circumstances which are not present here. *See Bey v. Passaic Mun. Ct.*, No. 13-2653, 2013 WL 1949856, at *2 (D.N.J. May 9, 2013) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)).

At bottom, there is no issue with the Plea Agreement and there is no more that the Government or the Court can do. To the extent any charges remain on Smith's criminal record, he should seek relief in Newark Municipal Court. Accordingly, the Court will **DENY** his Motion.

## III.    CONCLUSION AND ORDER

Having considered Smith's Motion and all related items on the docket,

**IT IS**, on this **16ᵗʰ** day of <u>March</u> 2026, for the reasons set forth above,

**ORDERED** that Smith's Motion, D.E. 135, is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall send Smith a copy of this Memorandum Order by regular U.S. mail to the address provided on page three of his Motion.

Evelyn Padin, U.S.D.J.

4